IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| A.V.F., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:26-cv-260-CDL-AGH |
| : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION : | |
| CENTER, *et al.*, : | |
| : | |
| Respondents. : | |

## ORDER

On February 13, 2026, the Court ordered that Respondents provide Petitioner with a bond hearing within seven days to determine if Petitioner may be released on bond or file a motion seeking relief from the order. Order 2, ECF No. 3. The Court also ordered that once a bond hearing was held, Petitioner should file a notice of dismissal. *Id.* When the time for compliance passed without the filing of either a motion from Respondents seeking relief or a notice of voluntary dismissal from Petitioner, the Court presumed that a bond hearing had been held in compliance with its order and ordered Petitioner to either file a notice of dismissal or show cause why this action should not be dismissed as moot. Order, Mar. 6, 2026, ECF No. 5.

On March 11, 2026, Petitioner responded to the show cause order and reported that a bond hearing was held on February 18, 2026. Pet'r's Resp. 1, ECF No. 6. The Immigration Judge ("IJ") denied bond, finding that Petitioner had not met her burden of showing that she was not a flight risk. Pet'r's Ex. B, at 1, ECF No. 6-2. However,

Petitioner argues that the bond hearing was violative of due process because the IJ did not provide an individualized determination but instead applied a "quiet (or not so quiet) policy of using 'flight risk' as another way to prevent bond for detainees who have been fortunate enough to hire an attorney and file a Habeas Petition." Pet'r's Resp. 1.

Other petitioners have made almost identical allegations regarding their bond hearings and filed motions to enforce judgment. In order to expedite consideration of those motions, the Court consolidated into one case. *See R.R.C. v. Streeval*, 4:25-cv-252-CDL-CHW. The consolidation order is attached. Petitioner's counsel is directed to review the order and determine whether Petitioner's response to the order to show cause: (1) should be construed as a motion to enforce, and (2) is a candidate for consolidation. Alternatively, Petitioner may file a motion to enforce with an appropriate notice regarding consolidation. Petitioner should respond to this order within seven (7) days.

**SO ORDERED**, this 12th day of March, 2026.

                                       s/ *Amelia G. Helmick*
                                       UNITED STATES MAGISTRATE JUDGE

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| *R.R.C.*, *et al.*, | * | CASE NOS. 4:25-CV-525 (CDL) |
| | | 4:25-cv-527 (CDL) |
| Petitioners, | * | 4:26-cv-073 (CDL) |
| | | 4:26-cv-076 (CDL) |
| vs. | * | 4:26-cv-098 (CDL) |
| | | 4:26-cv-163 (CDL) |
| WARDEN, STEWART DETENTION | * | 4:26-cv-176 (CDL) |
| CENTER, *et al.*, | | 4:26-cv-226 (CDL) |
| | * | 4:26-cv-249 (CDL) |
| Respondents. | | 4:26-cv-266 (CDL) |
| | * | 4:26-cv-271 (CDL) |

O R D E R

Petitioners are detainees at the Stewart Detention Center awaiting removal proceedings. The Court previously ordered Respondents to provide Petitioners with bond hearings to determine if each Petitioner may be released on bond under 8 U.S.C. § 1226(a) and the applicable regulations. Petitioners assert that an immigration law judge failed to provide them with constitutionally adequate bond hearings, and each Petitioner filed a motion to enforce judgment.

The above captioned cases involve common questions of law and fact. Therefore, they are consolidated pursuant to Federal Rule of Civil Procedure 42. The lead case shall be 4:25-CV-525 (CDL), and all future filings, including Petitioners' forthcoming motion for discovery and Respondents' response to that motion, should be filed only in that case.

For any additional cases that raise common questions of law and fact because of a similar motion to enforce judgment based on an immigration judge's alleged failure to provide a constitutionally adequate bond hearing, counsel for the petitioner shall file a notice in that case stating that it should be consolidated into this action. Upon receipt of such a notice, the Clerk shall consolidate the action into this action.

IT IS SO ORDERED, this 24th day of February, 2026.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA